IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 6:19-CR-04 |
| | § | Judge Schroeder |
| CHARLES ORANGE | § | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL

The United States of America, by and through the undersigned Assistant United States Attorney, files this response in opposition to Charles Orange's Rule 29 Motion for Judgment of Acquittal. ECF Doc. 86. The government's trial evidence was sufficient to overcome a Rule 29 motion and uphold Orange's Possession of Child Pornography conviction. Orange's motion should be denied.

## INTRODUCTION

### A.    Procedural History

On September 16, 2020, the jury convicted Orange of Count One of the First Superseding Indictment which charged Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). Following the government's case-in-chief, Orange moved for a Judgment of Acquittal under Federal Rule of Criminal Procedure 29. The Court carried Orange's motion and allowed Orange to file a written motion. After Orange rested, he renewed his Motion for Judgment of Acquittal, which the Court carried.

### B.     Case Overview

At trial, the government presented evidence establishing that Orange knowingly possessed an item containing child pornography that had been mailed, shipped, or transported in interstate or foreign commerce.  As will be discussed in detail below, the government presented physical, forensic, documentary, and testimonial evidence establishing Orange's guilt.  Among the evidence presented was extensive forensic and testimonial evidence that the Samsung Galaxy device which contained child pornography was found next to Orange's bed, was powered on and was unlocked, and contained child pornography.

### ARGUMENT

When properly viewed under the legal standard applicable to Rule 29 motions, the evidence presented at trial is more than sufficient to uphold Orange's Possession of Child Pornography conviction and deny his Motion for Judgement of Acquittal.

As demonstrated below, a jury could have rationally concluded that Orange knowingly possessed child pornography.  The government presented sufficient evidence of Orange's knowing possession of the Samsung Galaxy device which contained child pornography; the government presented sufficient evidence that the Samsung Galaxy device was mailed, shipped, or transported in interstate or foreign commerce; and the government presented sufficient evidence that when Orange possessed the Samsung Galaxy device, he knew that the device contained child pornography.

The jury carefully considered the evidence, deliberated, made credibility choices, and resolved competing interpretations of the evidence.  It believed the government's

**Government's Opposition to Defendant's Rule 29**
**Motion for Judgment of Acquittal – Page 2**

witnesses and found Orange guilty of Possession of Child Pornography.  A rational verdict should not be disturbed.

### A.    Standard of Review

The legal standard applicable to a Rule 29 motion for judgment of acquittal has been described as the "rational jury standard." *United States v. Thomas*, 12 F.3d 1350, 1373 (5th Cir. 1994).  Under that standard, the court must "determine whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt." *Id.* (internal citation omitted).  A defendant bears a heavy burden in meeting this high standard.  *United States v. Achobe*, 560 F.3d 259, 263 (5th Cir.  2008) ("The standard for a sufficiency claim is high.").  Reviewing courts are "highly deferential to jury verdicts."  *United States v. McNealy*, 625 F.3d 858, 870 (5th Cir. 2010) ("We review a jury verdict under a 'highly deferential' standard.").

That deference is underscored by the Fifth Circuit's frequent refrain: "We stress that 'all reasonable inferences and credibility choices must be made in favor of the jury verdict.'"  *United States v. Deville*, 278 F.3d 500, 505 (5th Cir. 2002) (internal citation omitted); *see also United States v. Carter*, 953 F.2d 1449, 1456 (5th Cir. 1992) (the court must give "the government the benefit of all reasonable inferences and credibility choices").  The Fifth Circuit reaffirmed the deferential Rule 29 standard in a 2016:

> Our review is de novo, viewing the evidence in the light most favorable to the Government, asking whether any rational jury could have found all of the essential elements of the offense beyond a reasonable doubt. *United States v. Davis*, 735 F.3d 194, 198 (5th Cir. 2013).  In this review, we accept all

credibility choices and reasonable inferences tending to support the verdict and *resolve any evidentiary conflict in favor of the verdict*. *See generally United States v. Vargas–Ocampo*, 747 F.3d 299 (5th Cir.2014) (*en banc*) (abandoning use of the "equipoise rule" in evaluations of the sufficiency of the evidence).

*United States v. Hudspeth*, No. 14-10165, 2016 WL 563078, at *1 (5th Cir. Feb. 12, 2016) (emphasis added).  Thus, a court cannot grant a judgment of acquittal unless it concludes, after viewing the evidence through the lens of this deferential standard, that a rational jury would *necessarily have had to entertain a reasonable doubt as to the defendant's guilt*.  *See United States v. Burns*, 597 F.2d 939, 941 (5th Cir. 1979).

Of course, the court considers all relevant evidence, direct or circumstantial.  *See United States v. Loe*, 262 F.3d 427, 432 (5th Cir. 2001).  "The standard does not require that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt."  *Id.* (internal citation omitted).  "A jury is free to choose among reasonable constructions of the evidence ... and it retains the sole authority to weigh any conflicting evidence and to evaluate the credibility of the witnesses."  *Id.*  Indeed, in evaluating a motion for judgment of acquittal, "[i]t is not for the court ... to weigh evidence or assess the credibility of witnesses."  *Deville*, 278 F.3d at 506 (internal citation omitted).   Because "[t]he jury is the final arbiter of the weight of the evidence," the Court cannot disturb the jury's verdict on the ground that it is contrary to the weight of the evidence.  *United States v. Restrepo*, 994 F.2d 173, 182 (5th Cir. 1993).

**B.      Proving Possession of Child Pornography**

Count One of the First Superseding Indictment charged Orange with

Possession of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B)

and (b)(2).  In order to convict Orange of this offense, the government had to

prove each of the following beyond a reasonable doubt:

| | |
|---|---|
| *First*: | That the defendant knowingly possessed an item or items that contains an image of child pornography, as alleged in the First Superseding Indictment; |
| *Second*: | That the material was mailed or shipped or transported using any means or facility of or in or affecting interstate or foreign commerce by any means, including by computer; or |
| | That the material was produced using materials that had been mailed or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer; and |
| *Third*: | That when the defendant possessed the material, the defendant knew the material contained child pornography. |

Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No.

2.85F (2019).

Possession may be of two kinds: actual possession or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in

actual possession of it.  A person who, although not in actual possession, knowingly has

both the power and the intention, at a given time, to exercise dominion or control over a

thing, either directly or through another person or persons, is in constructive possession

of it.  Possession may be sole or joint.  If one person alone has actual or constructive

possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.  A jury may find that the element of possession is present if it finds beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.  Pattern Jury Instruction, Criminal Cases, U.S. Fifth Circuit, District Judge Association, No. 1.33 (2019).

### C.    The Trial Evidence

Evidence must be viewed in the light most favorable to the government, and all credibility choices, evidentiary conflicts, and reasonable inferences must be resolved in favor of the jury's verdict.  If the government's view of the evidence fits anywhere within the wide realm of rationality, *it must be accepted*.  *See United States v. Hernandez-Palacios*, 838 F.2d 1346, 1348 (5th Cir. 1988) (court must "give the government the benefit of all reasonable inferences and credibility choices").  As set out in the following paragraphs, there is substantial direct and circumstantial evidence in the record supporting the jury's conclusion that Orange knowingly possessed child pornography. The Court should deny the Defendant's Rule 29 Motion for a Judgment of Acquittal in light of the totality of the government's evidence.

Orange argues that the evidence is insufficient to establish his knowing possession of child pornography, specifically that there was insufficient evidence showing that he knew the Samsung Galaxy device contained child pornography.  The other elements were not in dispute at trial.  However, since Orange's motion does not specify which elements are presently in dispute, the government will address each in turn.

1. <u>On or about December 20, 2018</u>

The testimony of Homeland Security Investigations (HSI) Special Agent (SA) Andrew Peters (retired), HSI SA Christopher Hunt, Longview Police Department Detective Chris Taylor, and HSI SA Elmore Armstrong, established that on or about December 20, 2018, agents executed a search warrant at 431 Electra Street, in Longview, Texas, within the Eastern District of Texas.  At the beginning of the government's case, the Court took judicial notice that Longview, Texas was within the Eastern District of Texas.

2. <u>Identification of the defendant</u>

SA Armstrong identified the defendant, Charles Orange, in court.  Following his in court identification of the defendant, the Court advised that the record would reflect that SA Armstrong identified the defendant.  Defense witnesses also identified the witness, and the defendant ultimately testified.

3. <u>Knowing Possession of an Item or Items that Contains Child Pornography</u>

HSI Intelligence Research Specialist Lauren Morris testified about her involvement in Operation Blackwrist, an international operation conducted by INTERPOL and a number of international law enforcement partners, which targeted child exploitation websites on the dark web.  She advised that one of the Internet Protocol (IP) address that accessed one of the sites led her to 431 Electra Street, Longview, Texas.  Government's Exhibit 1 (AT&T Records for 162.201.231.247) showed the information she received from AT&T.

SA Peters testified that agents acting on the lead from INTERPOL executed a search warrant at 431 Electra Street.  During the execution of the search warrant, he located a Samsung Galaxy device next to Orange's bed.  The device was introduced as Government's Exhibit 4.  He testified that when he found the Samsung Galaxy device it was powered on, was unlocked, and contained what SA Peters believed to be child pornography.  Government's Exhibits 2 ("Video in" of 431 Electra Street, Longview, Texas) and 3 (Search Warrant Photographs) showed that the Samsung Galaxy device was found next to Orange's bed beside his watch, glasses, another cell phone, and keys.

SA Hunt testified that he performed a forensic extraction of the Samsung Galaxy device and determined that the device contained child pornography.

The government called an expert witness, Det. Taylor, who testified that he conducted a forensic analysis of SA Hunt's extraction of the Samsung Galaxy device. During his analysis, Det. Taylor identified images containing child pornography.  Det. Taylor sponsored Government's Exhibit 7A (Count 1 Images from Forensic Exam of Samsung Galaxy Phone) which were examples of some of the images containing child pornography.  Det. Taylor introduced Government's Exhibit 7B (Image Details from Forensic Exam of Samsung Galaxy Phone) which contained forensic data about the particular images shown and corresponding images depicting the same conduct.  Det. Taylor testified that many of the images were contained in folder called, "Thai Boys." He also testified that one of the images described in Government's Exhibit 7B was contained in a folder called, "PhotoEditor."  The forensic data showed that several of the images had been downloaded five or six hours before the execution of the search warrant.

Det. Taylor sponsored Government's Exhibits 8-10 which were photographs of children taking in stores in Longview, Texas.  The children depicted in the photographs were the same gender and close in age to the victims portrayed in the child pornography found on the Samsung Galaxy device.  Det. Taylor testified that the images of children in the stores were taken on the Samsung Galaxy device at various locations in Longview, Texas.

Det. Taylor testified that the identifiers found on the Samsung Galaxy device included Orange's name, his email address (charlesorange173@gmail.com), his phone number, and his physical address.  Det. Taylor introduced Government's Exhibit 28 (Google Chrome Login Data) and described the Chrome login history associated with Orange's email address.  The logins included access to a variety of websites associated with educational institutions and student financial aid.  During his testimony, Orange acknowledged an affiliation with several of the educational institutions and with the use of student financial aid websites.  The Google Chrome logins also included access to the websites identified during Operation Blackwrist.

Finally, Det. Taylor testified about how the Samsung Galaxy device was used on December 20, 2018 between approximately midnight and 1:30 a.m.  In general, Det. Taylor testified that files containing child pornography were downloaded to the Samsung Galaxy device and then opened and viewed.

SA Armstrong testified that he received the Samsung Galaxy device from SA Peters during the execution of the search warrant.  When he received it, the device was powered on.  SA Armstrong testified that he conducted an on scene review of the device

**Government's Opposition to Defendant's Rule 29**
**Motion for Judgment of Acquittal – Page 9**

which revealed child pornography some of which had been downloaded within five or six hours of the execution of the search warrant.  SA Armstrong sponsored Government's Exhibits 19-26 consisting of screenshots of the Samsung Galaxy device portraying what SA Armstrong observed on scene during his review of the device.  The screenshots contained child pornography.

SA Armstrong also introduced Government's Exhibits 15 and 16.  Government's Exhibit 15 (Samsung Records) showed, among other things, that the Samsung Galaxy device had been purchased in 2016 by Torie Smith, Orange's sister.  Smith was called by the defense at trial.  She testified that she purchased the device in 2016 and provided it to Orange sometime in 2018.  During his testimony, Orange also acknowledged that he received the device from Smith sometime in 2018.

Government's Exhibit 16 (Android Device Configuration Service Data) showed that Orange's email address was used to register the Samsung Galaxy device on August 3, 2018 from the IP address at 431 Electra Street.  The device was used from August 2018 through December 2018.  The last data connection was December 20, 2018, the day of the execution of the search warrant.

Orange voluntarily interviewed with SA Armstrong and HSI SA Burton Reavis at the scene of the search warrant.  The interview was recorded and transcribed and introduced as Government's Exhibits 12A (Charles Orange Recorded Audio Interview) and 12B (Charles Orange Recorded Audio Interview Transcript).  During the interview, Orange acknowledged being in possession of the Samsung Galaxy device but denied knowing that it contained child pornography.  *See* Ex. 12B, pg. 94, ln. 17 ("…it's been on

my possession…"); Ex. 12B, pg. 105, ln. 14-15 ("…That phone was in my possession…"); Ex. 12B, pg. 111, ln. 12-13 ("…that phone was in that back room with me…").

During his testimony, Orange claimed, for the first time, that the Samsung Galaxy device had been in a brown duffle bag in his closet.  As his story changed from finding the device in a vacant lot, to obtaining it from his nephew along with a tablet, to obtaining it from his sister, the consistent theme was that he possessed the device but that he did not know it contained child pornography.

In cases involving child pornography or other contraband, possession may be actual or constructive.  *United States v. Moreland*, 665 F.3d 137, 149–150 (5th Cir. 2011) (citing *United States v. Mergerson*, 4 F.3d 337, 348 (5th Cir. 1993)).  Actual possession "means the defendant knowingly has direct physical control over a thing at a given time." *United States v. Munoz,* 150 F.3d 401, 416 (5th Cir. 1998).  Where the contraband consists of digital files, the volitional downloading of those files entails control sufficient to establish actual possession.  *United States v. Haymond*, 672 F.3d 948, 956 (10th Cir. 2012).  Actual possession, like constructive possession, may be proven by direct or circumstantial evidence.  *United States v. Wilson*, 657 F.2d 755, 760 (5th Cir. Unit A 1981); *see also United States v. Tovar*, 719 F.3d 376, 389 (5th Cir. 2013) (allowing jury to infer earlier actual possession where defendant was not in actual possession at the time of arrest); *United States v. Bliss*, 491 Fed. Appx. 491, 492 (5th Cir. 2012) (unpublished) (allowing use of circumstantial evidence to find that defendant downloaded files).

The government's case was not complicated.  It begins with the uncontroverted premises that someone used the Samsung Galaxy device to possess images containing child pornography.  The forensic data showed further that images of child pornography were downloaded to the device after midnight on December 20, 2018 and that there were only four individuals in the residence that night (Orange, Orange's brother, Bruce, Orange's sister-in-law, Helen, and Orange's minor niece).  Orange testified that neither Bruce, Helen, or his niece possessed or downloaded child pornography using the Samsung Galaxy device.  He also testified that he did not either.  The forensic evidence also shows Google Chrome logins associated with Orange's email address to the child exploitation websites identified in Operation Blackwrist.  Taken in the light most favorable to the verdict, the facts appear to implicate Orange.

It is the sole province of the jury to assess the credibility of the testimony given at trial, and the Court must consider all evidence in the light most favorable to the guilty verdict rendered.  *United States v. Sanchez*, 961 F.2d 1169, 1173 (5th Cir. 1992).  With that in mind, it was not unreasonable for the jury to credit the testimony of Special Agents Peters, Hunt, and Armstrong, and Det. Taylor, over the testimony of Orange.

Moreover, the prosecution introduced evidence that Orange changed his story about the Samsung Galaxy device on a number of occasions and ultimately claimed that the agents staged the search warrant photographs, lied to the jury about the condition of the phone, and "doctored" the audio recording of the interview, Government's Exhibit 12A.  The jury may have been skeptical Orange's accounts in light of these inconsistencies.  But for whatever reason, it is clear from the verdict that the jurors in this

case simply chose to believe the government's witnesses rather than Orange.  It is well within their discretion to do so.

    4.  <u>Interstate or Foreign Commerce</u>

SA Christopher Hunt testified that the Samsung Galaxy device was manufactured in China.  He introduced Government's Exhibit 5 which depicts marking on the device that indicate the same.  SA Armstrong introduced Government's Exhibit 15 which showed that the device was manufactured in Guangdon, China, and shipped to Louisville, Kentucky.  From there, the device traveled to Texas where it was purchased by Orange's sister, Torie Smith.  Accordingly, the material was mailed, shipped, and transported in interstate and foreign commerce.  Considering the evidence adduced at trial, combined with the inscription on the device and the self-authenticating nature of the evidence, a reasonable factfinder could have found that Orange possessed the pornographic images using materials that traveled in interstate or foreign commerce.  *See United States v. Saguil*, 600 F. App'x 945, 947 (5th Cir. 2015) (unpublished) (finding the manufacturer's inscription sufficient to show the requisite nexus with interstate commerce).

    5.  <u>Orange Knew the Material Contained Child Pornography</u>

During his testimony, Orange denied observing the child pornography contained on the Samsung Galaxy device and further denied ever observing any child pornography. He emphasized the fact that even during trial he refused to look at images of child pornography contained in Government's Exhibits 7B and 19-16.  However, he does not take issue with the fact that the child pornography contained on the device depicts prepubescent males engaging in sexually explicit conduct.

The knowledge requirement extends both to the age of the performers and to the pornographic nature of the material.  *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 78 (1994).  Here, Lauren Morris testified that someone from the IP address at 431 Electra Street visited the child exploitation websites identified in Operation Blackwrist. Det. Taylor's undisputed expert testimony indicates Google Chrome logins associated with Orange's email address to the child exploitation websites identified in Operation Blackwrist.  Taylor's testimony also shows that the Samsung Galaxy device was used on December 20, 2018 between approximately midnight and 1:30 a.m. to download files containing child pornography which were then opened and viewed.  It seems clear that the person downloading the files knew both the age of the individuals depicted and the sexually explicit nature of the material.  Nevertheless, whether or not Orange knew that the material contained child pornography is a fact question for the jury.

The government presented sufficient evidence such that the jury could find, beyond a reasonable doubt, that Orange possessed an item containing child pornography and knew that the material contained child pornography.  In reviewing all of the evidence to determine whether a Motion for Judgment of Acquittal should be granted and viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offense beyond a reasonable doubt based on the physical, forensic, documentary, and testimonial evidence offered by the government.  The evidence is sufficient to sustain a conviction of knowing possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B).

## **CONCLUSION**

For the reasons given and on the authorities cited, the United States respectfully urges the Court to deny Orange's Rule 29 Motion for a Judgment of Acquittal.

Respectfully submitted,

STEPHEN J. COX
UNITED STATES ATTORNEY

*/s/ Nathaniel C. Kummerfeld*
NATHANIEL C. KUMMERFELD
Assistant United States Attorney
Texas Bar No. 24060122
110 N. College, Ste. 700
Tyler, TX  75702
Tel: (903) 590-1400
Fax: (903) 590-1439
Email: Nathaniel.Kummerfeld@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Government's Opposition to Defendant's Rule 29 Motion for Judgment of Acquittal has been served on counsel of record for defendant via the court's CM/ECF system on this the 21th day of September, 2020.

*/s/ Nathaniel C. Kummerfeld*
Nathaniel C. Kummerfeld